IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY MILTON HOLTON, #171577**                  **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO. 3:16CV625-LRA**

**WARDEN NORRIS HOGAN, ET AL**                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

This cause is before the undersigned Magistrate Judge for report and recommendation regarding Defendant Frank Shaw's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [28], joined in by Defendant Marshall Fisher [37]. Defendants Shaw and Fisher assert that the claims of Plaintiff Johnny Milton Holton should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. A hearing was conducted on July 25, 2017, under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny, and Plaintiff provided testimony regarding his claims against these Defendants and his efforts to exhaust the claims. After a thorough review of the pleadings and exhibits, Holton's sworn testimony, and the applicable law, the undersigned recommends that Defendants' motion be granted based upon Holton's non-exhaustion. Other Defendants have also filed a motion to dismiss on this basis, but Plaintiff shall be given additional time to file a written response to that motion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Holton failed to exhaust his administrative remedies. *Jones v.*

*Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Holton was a convicted felon housed in the custody of the MDOC at the East Mississippi Correctional Facility [EMCF] at Meridian, Mississippi, on or about August 12, 2016, when Plaintiff's health issues leading to this case occurred. Plaintiff had chest pains on January 23, 2016, and was taken to the medical department. Based upon his past health issues, and the symptoms he was experiencing, he told the nursing staff on duty that he was having a heart attack. According to Plaintiff, the nurses told him he was having acid reflux and gave him Maxlex and sent him back to his unit. He returned the next day and was treated with Maxlex, a pain shot, and aspirin. The nurse

practitioner prescribed an EKG and blood work, but the EKG machine was broken and no lab tech was there to draw blood.  Plaintiff returned the next day and was seen by Dr. Abangan.  Dr. Abangan had him transferred to a local hospital for the EKG and blood work.  He required heart surgery (stents) on January 24, 2016, and spent several days in the ICU at that hospital.  He was then transferred back to EMCF.

Plaintiff contends that his medical treatment was constitutionally inadequate.  He filed a grievance against "Nurse Evans" and "Nurse Townsend" and references the "nurse practitioner" who treated him.   [28-1, p. 1.]

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."  Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of* The United States Supreme Court reiterated in *Ross v. Blake,* 136 S.Ct. 1850, 1856-57 (2016), that exhaustion is mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account."  Judicial discretion is foreclosed.  *Id*.  "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate."  *Id.*, *citations omitted*.

In support of their motion, Defendants presented the November 26, 2016, Affidavit of Mary Dempsey, Coordinator for the ARP at EMCF [28-1, p. 1].  According to Ms. Dempsey, Plaintiff filed a grievance on June 12, 2016, complaining that Nurse Evans and Nurse Townsend provided him with inadequate medical care on January 24 & 25, 2016, in response to his complaints of chest pain.  The ARP file was labeled EMCF-16-909, and was attached as Exhibit to the motion [28-1, pp. 3-10].  Plaintiff received his First Step Response on June 30, 2016, from Health Services Administrator Ollie Little, also a Defendant.  Mr. Little's response was:

> Nurse Townsend is the one that ensured you were seen by the nurse practitioner.  At that time there was no order to send out.  You were sent out once the order was given.  I cannot provide monetary relief.

4

[28-1, p. 9]

He received his Second Step response on July 12, 2016, from Dr. Abangan.

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including EMCF, under the authority of Miss. Code Ann. § 47-5-801. The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994). The program was changed from a three-step process to a two-step process effective September 19, 2010, and that revised program was approved in *Gates v. Barbour,* No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010).[1] *See also Threadgill v. Moore,* 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 n. 6 (S.D. Miss. 2011).

The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison within 30 days of the incident. If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response. If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response. A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

The exhaustion requirement demands *proper* exhaustion, and a prisoner must complete the process before filing the federal lawsuit. According to the MDOC ARP

---

[1] The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

5

program, this means the initial grievance must be filed within 30 days of the incident.   In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court."   *Woodford*, at 83-84.   *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion).   It is the prison's requirements, not the PLRA, that define the requirements of exhaustion.   *Jones v. Bock,* 549 U.S at 218.

In this case, Holton did not name either Frank Shaw, the Warden at EMCF, or Marshall Fisher, the Commissioner of MDOC, in his grievance.   Therefore, neither of them were placed on notice of the claims against them.   The law requires that the prison officials be provided fair notice of a prisoner's specific complaints and with the "time and opportunity to address [the] complaints internally."   *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004).   "Since prisoners are generally required to follow the procedures adopted by the state prison system, the specificity requirement should be interpreted in light of the grievance rules of the particular prison system ...."   *Id.* at 517.   *See also Sears v. Shaw,* Civil Action No. 5:14cv65-DCB-JCG, 2016 WL 1068745 (S.D. Miss. Feb. 1, 2016) (grievance did not provide notice of failure to protect claim); *Hayes v. Dunn,* Civil Action No. 3:14cv468*,* 2016 WL 884654 (S.D. Miss. March 7, 2016)

6

(grievance about prisoner's medical treatment for mental illness insufficient to exhaust specific claim that prisoner was given Haldol shots when he was allergic to Haldol); *Marsalis v. Cain*, Civil Action No. 12-0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only alluded to so minimally as to be insufficient to provide fair notice to prison officials of the plaintiff's specific complaints..." were unexhausted; no specific mention of defendant made in grievance).

Even though Holton did complain about his medical care at the EMCF, he never mentioned the Commissioner or the Warden. This complaint against the nurse and health care Defendants is insufficient to place the Commissioner and the Warden on notice of Holton's complaints against each of them. The issues could not be addressed internally due to the lack of notice to all Defendants about the supporting facts.

The law does not necessarily require that the prison official defendant be specifically named in the grievance. In *Jones v. Bock,* the Court held that exhaustion is not *per se* inadequate merely because a prison official sued in the § 1983 action was not named in the administrative grievance. 549 U.S. at 218. The Court noted that it is the prison's grievance procedure that controls, and that procedure may require the prisoner to reference a particular official. *Id.* "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* Although the MDOC program has no specific requirement

7

that the individual prison official be named, the inmate is required to present as many facts as possible and answer all the questions "who, what, when, where, and how concerning the incident." (See the ARP, Chapter III, **IV. Procedures** D.)  Effectively, this portion of the ARP requires that all officials involved be named or at least referenced by description. *See Curry v. Scott,* 249 F.3d 493, 504-505 (6th Cir. 2001) (a grievance specifically complaining of a beating by one guard did not suffice to exhaust a failure to protect claim against another guard not mentioned in the grievance but who stood by and watched).

Plaintiff filed a written response to the motion [31], asserting that he has no legal training and has no experience with using the ARP.  When he did file the grievance, he was told he did not need an ARP form but could simply write out his grievances on paper. According to Plaintiff, had he been provided a form, it would have listed the Warden and MDOC; he requests the Court to "indulge him" that all those Defendants not specifically named are "implied Defendants."  This Court has no discretion to excuse Plaintiff's failure to exhaust simply because he was pro se and did not understand the exhaustion requirements.  The fact that no particular form was provided for him does not excuse the exhaustion requirements.  The law is clear that exhaustion must be proper and complete.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant.  Although Holton did file an ARP regarding his

8

health care, the evidence is clear that he did not name movants in his grievance. And, he never filed an ARP against these two Defendants, so his claims against them remain unexhausted. He generally contends he exhausted, but his "'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004). In this case, Defendants' "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Holton and that he failed to complete it regarding the specific claims set forth in the Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

For these reasons, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment [28] [37] be **granted** and that Plaintiff's Complaint should be dismissed without prejudice as to Defendants Frank Shaw and Commissioner Marshall Fisher only. Final Judgment should be entered after a final resolution of this case.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

9

proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of July 2017.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE