**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHNNY MILTON HOLTON, #171577**                                  **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:16CV625-HTW-LRA**

**WARDEN NORRIS HOGAN, ET AL**                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This cause is before the Magistrate Judge for a report and recommendation on the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [28], filed by Defendants Ollie Little and Centurion of Mississippi, LLC ("Centurion"). Defendants assert that the claims of Plaintiff Johnny Milton Holton should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. A hearing was conducted on July 25, 2017, under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny, and Plaintiff provided testimony regarding his claims against these Defendants and others and his efforts to exhaust the claims. After a thorough review of the pleadings and exhibits, Holton's sworn testimony, and the applicable law, the Court finds that Defendants' motion should be granted based upon Holton's non-exhaustion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Holton failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that

Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Holton was a convicted felon housed in the custody of the MDOC at the East Mississippi Correctional Facility [EMCF] at Meridian, Mississippi, on or about August 12, 2016, when Plaintiff's health issues leading to this case occurred. Plaintiff had chest pains on January 23, 2016, and was taken to the medical department. Based upon his past health issues, and the symptoms he was experiencing, he told the nursing staff on duty (nurses Evans and Townsend) that he was having a heart attack. According to Plaintiff, the nurses told him he was having acid reflux and gave him Maalox and sent him back to his unit. He returned the next day and was treated with Maalox, a pain shot, and aspirin. The nurse practitioner prescribed an EKG and blood work, but the EKG machine was broken and no lab tech was there to draw blood. Plaintiff returned the next day and was

seen by Dr. Abangan.  Dr. Abangan had him transferred to a local hospital for the EKG and blood work.  He required heart surgery (stents) on January 24, 2016, and spent several days in the ICU at that hospital.  He was then transferred back to EMCF.

Plaintiff contends that his medical treatment was constitutionally inadequate.  He filed a grievance against "Nurse Evans" and "Nurse Townsend" and references the "nurse practitioner" who treated him.  [28-1, p. 1.]

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."  Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing

exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of* The United States Supreme Court reiterated in *Ross v. Blake,* 136 S.Ct. 1850, 1856-57 (2016), that exhaustion is mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account." Judicial discretion is foreclosed. *Id.* "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate." *Id.*, *citations omitted.*

In support of their motion, Defendants presented Plaintiff's ARP file [57-2] and the November 26, 2016, Affidavit of Mary Dempsey, Coordinator for the ARP at EMCF [28-1, p. 1]. According to Ms. Dempsey, Plaintiff filed a grievance on June 12, 2016, complaining that Nurse Evans and Nurse Townsend provided him with inadequate medical care on January 24 & 25, 2016, in response to his complaints of chest pain. Plaintiff received his First Step Response on June 30, 2016, from Health Services Administrator Ollie Little, also a Defendant. Mr. Little's response was:

> Nurse Townsend is the one that ensured you were seen by the nurse practitioner. At that time there was no order to send out. You were sent out once the order was given. I cannot provide monetary relief.

[28-1, p. 9]

He received his Second Step response on July 12, 2016, from Dr. Abangan.

In this case, Holton did not name either Ollie Little, the medical director, or Centurion in his grievance. Therefore, neither were placed on notice of the claims against

4

them. The law requires that the prison officials be provided fair notice of a prisoner's specific complaints and with the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004). "Since prisoners are generally required to follow the procedures adopted by the state prison system, the specificity requirement should be interpreted in light of the grievance rules of the particular prison system ...." *Id.* at 517. *See also Sears v. Shaw,* Civil Action No. 5:14cv65-DCB-JCG, 2016 WL 1068745 (S.D. Miss. Feb. 1, 2016) (grievance did not provide notice of failure to protect claim); *Hayes v. Dunn,* Civil Action No. 3:14cv468, 2016 WL 884654 (S.D. Miss. March 7, 2016) (grievance about prisoner's medical treatment for mental illness insufficient to exhaust specific claim that prisoner was given Haldol shots when he was allergic to Haldol); *Marsalis v. Cain*, Civil Action No. 12-0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only alluded to so minimally as to be insufficient to provide fair notice to prison officials of the plaintiff's specific complaints..." were unexhausted; no specific mention of defendant made in grievance).

Even though Holton did complain about his medical care at the EMCF, his ARPs only relate to the alleged failure to treat him by the two nurses, Evans and Townsend, who initially treated him. They diagnosed him with acid reflux, even though he informed them of his past heart issues. When nurse Townsend tried to perform an EKG, the machine did not work. His testing was delayed for another day. Nowhere in Plaintiff's ARP does he mention Ollie Little or Centurion. Director Little responded to

his ARP, as well as Dr. Abangan.  Only Plaintiff's complaints against these nurses were considered.

Plaintiff filed responses to the motion, located at [63 & 65].  He contends that they knew about his complaints, as Defendant Little responded to his ARP, and that they were responsible for the knowledge, training and procedures that all employees must follow in emergency situations.   Even if this is so, these Defendants were not advised that Plaintiff had a complaint regarding them.  He never mentioned Defendant Little or Centurion in his ARP, and neither were put on notice of any claim.   The Complaint should be dismissed as to them.  This ARP filed against the nurses is insufficient to place the Medical Director and Centurion on notice of Holton's complaints against each of them.  The issues could not be addressed internally due to the lack of notice to all Defendants about the supporting facts.

The law does not necessarily require that the prison official defendant be specifically named in the grievance.  In *Jones v. Bock,* the Court held that exhaustion is not *per se* inadequate merely because a prison official sued in the § 1983 action was not named in the administrative grievance.  549 U.S. at 218.  The Court noted that it is the prison's grievance procedure that controls, and that procedure may require the prisoner to reference a particular official.  *Id.*  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*  Although the MDOC program has no specific requirement that the individual prison official be named, the inmate is required to present as many facts as

6

possible and answer all the questions "who, what, when, where, and how concerning the incident." (See the ARP, Chapter III, **IV. Procedures** D.)  Effectively, this portion of the ARP requires that all officials involved be named or at least referenced by description. *See Curry v. Scott,* 249 F.3d 493, 504-505 (6th Cir. 2001) (a grievance specifically complaining of a beating by one guard did not suffice to exhaust a failure to protect claim against another guard not mentioned in the grievance but who stood by and watched).

This Court has no discretion to excuse Plaintiff's failure to exhaust simply because he was *pro se* and did not understand the exhaustion requirements.  The law is clear that exhaustion must be proper and complete.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant.  Although Holton did file an ARP regarding Nurses Evans and Townsend, the evidence is clear that he did not name movants in his grievance. Because he never filed an ARP against these two Defendants,  his claims against them remain unexhausted.  He generally contends he exhausted, but his 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In this case, Defendants' "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Holton and that he failed to complete it regarding the specific claims set forth in the

Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), applies to prisoner proceedings *in forma pauperis* and provides that "...the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2)(B) applies to his case.

In an abundance of caution, the Court has also considered the claims against Little and Centurion on the merits, as well as the claims against Defendants Evans and Townsend, the nurses who failed to have Plaintiff immediately transferred to the hospital. At most, Defendants Evans and Townsend caused a two-day delay in Plaintiff receiving care for his heart condition at the hospital. His chest pains started on January 23, 2016, and he was not taken to the hospital until January 25, 2016. He was treated during this period, but the diagnosis was delayed, in part due to the equipment (EKG) not working and the lack of a lab tech at the prison clinic.

At most, Plaintiff has stated a claim of negligence against these medical Defendants and Centurion, and this fails to state a claim upon which relief may be granted under 42 U.S.C. §1983. The Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim. Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Delay in medical care can only constitute an

8

Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm. Id. See also Thomas v. Kipperman*, 846 F.2d 1009, 1011 (5th Cir. 1988); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Deliberate indifference to a prisoner's serious medical needs constitutes an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). However, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm. Id. Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993), citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

To prove deliberate indifference, Plaintiff must allege that these Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. Plaintiff did receive care from the medical personnel at the prison and by staff at the hospital. Although his condition was critical, Plaintiff was successfully treated after a two-day

9

delay. Plaintiff has not articulated any exceptional circumstances which would make his claims constitutional in nature.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

It is certainly unfortunate that there was delay in diagnosing Plaintiff's heart condition and in treating it by surgery. Thankfully, the surgery was successful, and Plaintiff has recovered. Neither the United States Constitution or 42 U.S.C. § 1983 has ever been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986).

Under the circumstances of this case, as evidenced by Plaintiff's own testimony, and other supporting evidence, the Court finds that Defendants are entitled to a judgment at law. Plaintiff cannot show that any of these Defendants were deliberately indifferent to his serious medical needs, and no constitutional violation has been set forth. His Complaint should be dismissed as to all remaining Defendants for failure to state a claim under 42 U.S.C. § 1915(e)(2)(B).

For these reasons, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment [57] be **granted**. Plaintiff's Complaint should be dismissed with

prejudice under 42 U.S.C. § 1915(e)(2) as to all remaining Defendants (Little, Centurion, Evans and Townsend).  Final Judgment in favor of all Defendants should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of January 2018.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE